IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES C. WINTER, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (42 U.S.C. §1983) |
| CHAD SMITH, in his | ) | |
| individual capacity; | ) | |
| | ) | |
| Defendant. | ) | |

**PARTIES AND JURISDICTION**

For his cause of action against the Defendant, Chad Smith ("Officer Smith"), Plaintiff James C. Winter ("Winter") states and alleges as follows:

1. At the time of the events alleged herein, Winter was thirty-nine years of age, a citizen of the United States of America and resident of Fremont, Nebraska.

2. Defendant Chad Smith was a law-enforcement officer employed by the Fremont Police Department. At all times relevant herein, Officer Smith acted under color of law. He is sued in his individual capacity.

**JURISDICTION**

3. Jurisdiction is proper pursuant to 28 U.S.C. §1331.

1

**FACTS**

4. On July 17, 2017, Winter entered a grocery store in the City of Fremont to pass the time playing a video game.

5. While in the store, Officer Smith approached Winter. Officer Smith was dressed in plain clothes and wearing flip-flop sandals.

6. Without identifying himself, but after displaying a badge, Officer Smith told Winter he was coming outside, extended his arm to restrain Winter, and began to escort him from the store.

7. Winter was not armed. He did not appear to be armed.

8. Winter never made any threatening gestures toward Officer Smith.

9. Winter never used threatening or abusive language toward Officer Smith.

10. There existed no other circumstance to support a belief Winter presented a danger to the officers.

11. There existed no reason to believe Winter had committed any criminal offense.

12. As they approached the cashier's area and the exit of the store, Winter verbally protested the detention, asking Officer Smith to remove his hands from his body and asking why he was being restrained by Smith.

13. Eventually, Plaintiff began calling for store employees or patrons to "Help" or "Call police."

14. After Winter did so, Officer Smith pulled, choked, scratched, kneed, handcuffed, and arrested Winter, in public, with people looking on.

15. While doing so, Officer Smith used his knee three times to violently strike Winter's leg, resulting in pain, swelling, and bruising.

16. After delivering the three knee strikes to Winter, Officer Smith handcuffed Winter's hands behind his back and dragged him from the store. Officer Smith told Winter, "You're going to jail." Winter responded, "You're violating my rights."

17. During the course of his encounter with Winter, Officer Smith placed his hands on Winter's arms, chest, back, hips, thighs, and buttocks, ostensibly to "pat search" Winter for weapons.

18. After forcibly removing Winter from the store to the parking lot, Officer Smith told Winter he could leave if he was not in possession of drugs, stating, "Let me search your pockets and if you're clean I'll let you go." Officer Smith subsequently put his hands in Winter's pockets, finding nothing illegal.

19. Officer Smith eventually released Winter without questioning him regarding any specific offense, without issuance of a citation – and without expressing an apology.

20. Throughout the encounter with Smith, Winter felt extremely humiliated, violated, frightened, shocked, overwhelmed, and in disbelief of Officer Smith's actions. The emotional harm caused by Officer's Smith actions continued for months following the unlawful assault and arrest.

**FIRST CAUSE OF ACTION – EXCESSIVE FORCE**

21. Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth herein.

22. By grabbing, pulling, scratching, choking, kicking and knee striking Winter, Officer Smith deprived Winter of his protection against excessive and unreasonable force afforded by the Fourth and Fourteenth Amendments of the United States Constitution.

23. Officer Smith's actions were objectively unreasonable under clearly established constitutional law.

24. As a direct and proximate result of Officer Smith's use of excessive force, Winter suffered emotional distress, humiliation, and anguish.

25. As a direct and proximate result of Officer Smith's use of excessive force, Winter suffered monetary damages for medical treatment.

**SECOND CAUSE OF ACTION – UNLAWFUL DETENTION AND ARREST**

26. Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth herein.

27. Officer Smith detained and arrested Winter in the absence of judicial authority, individualized suspicion Winter had committed or was in the process of committing a criminal offense, or probable cause, thereby depriving Winter of his rights afforded by the Fourth and Fourteenth Amendments of the United States Constitution.

28. Officer Smith's actions were objectively unreasonable under clearly established constitutional law.

29. As a direct and proximate result of Officer Smith's unlawful detention, Winter suffered emotional distress, humiliation, and anguish.

### THIRD CAUSE OF ACTION – UNLAWFUL PAT-SEARCH

30. Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth herein.

31. By conducting a pat-search of Winter's person in the absence of reasonable suspicion he was armed, dangerous, or involved in illegal activity, Officer Smith deprived Winter of his protection against unreasonable search as afforded by the Fourth and Fourteenth Amendments of the United States Constitution.

32. Officer Smith's actions were objectively unreasonable under clearly established constitutional law.

33. As a direct and proximate result of Officer Smith's unlawful pat-search, Winter suffered emotional distress, humiliation, and anguish.

### FOURTH CAUSE OF ACTION – UNLAWFUL SEARCH OF PERSON

34. Plaintiff hereby incorporates paragraphs 1 through 20 by reference as though fully set forth herein.

35. By searching Winter's pockets in the absence of lawful consent or probable cause, Officer Smith deprived Winter of his protection against

unreasonable search as afforded by the Fourth and Fourteenth Amendments of the United States Constitution.

36. Officer Smith's actions were objectively unreasonable under clearly established constitutional law.

37. As a direct and proximate result of Officer Smith's unlawful search Winter suffered emotional distress, humiliation, and anguish.

## RELIEF REQUESTED

38. Plaintiff Winter prays for the following relief:

   a. A finding Defendant Chad Smith deprived him of his rights under the Fourth and Fourteenth Amendments, as alleged herein;

   b. Awarding him general and special damages for the emotional harm suffered;

   c. Awarding him punitive damages in the sum of $100,000.00 on each cause of action or in such sum as the Court may determine; and

   d. Awarding attorney's fees pursuant to 42 U.S.C. §1988.

## DEMAND FOR JURY TRIAL

39. Pursuant to Rule 38(b) Fed.R.Civ.P., Plaintiff demands trial by jury of all issues so triable.

40. Plaintiff request this case be heard in Omaha, Nebraska.

                        JAMES C. WINTER, Plaintiff,

            By:    s/Adam J. Sipple
                    Adam J. Sipple, No. 20557
                    Johnson and Mock, PC, LLO
                    9900 Nicholas Street, Suite 225
                    Omaha, NE  68114
                    (402) 346-8856
                    Attorneys for Plaintiff