IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES C. WINTER,<br><br>    Plaintiff,<br><br>vs.<br><br>CHAD SMITH, in his individual capacity,<br><br>    Defendant. | CASE NO. 8:18-CV-00350<br><br>**PROTECTIVE ORDER** |

As requested by interested party City of Fremont, Nebraska, (Filing No. 26, and to facilitate the parties' discovery efforts,

IT IS ORDERED:

1. As used herein:

a. "Confidential Documents" shall mean documents meeting the criteria set forth in Neb. Rev. Stat. § 84-712.05 and produced by the City of Fremont, Nebraska ("City"), in response to a Fed. R. Civ. P. 45 subpoena issued by James C. Winter ("Winter") in the matter of James C. Winter v. Chad Smith, U.S. District Court for the District of Nebraska ("Court"), 8:18-cv-350 ("Matter"), but only on the condition that such documents are designated by the City as "CONFIDENTIAL." Such documents that are CONFIDENTIAL include but are not limited to the Fremont Police Department's ("FPD") investigatory records regarding the interaction between Officer Chad Smith ("Smith") and Winter on July 17, 2017 such as reports, interviews, video recordings, and statements of FPD Officers. The internal affairs investigation records involving Defendant Chad Smith relating to the subject matter of the Matter shall be produced subject to this Protective Order.

b. "Disclosed" shall mean divulged, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated to any Person or Persons in any manner and for any purpose other than as allowed herein;

c. "Winter's Attorney" shall include any attorney of record for Winter in the Matter and all partners, associates, paralegals, secretaries, and other employees of said attorney;

d. "Smith's Attorney" shall include any attorney of record for Smith in the Matter and all partners, associates, paralegals, secretaries, and other employees of said attorney;

e. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity;

f. "Consultant" shall mean any expert retained or hired by Winter, Winter's Attorney, Smith, or Smith's Attorney for consultancy or testimony in the Matter and further shall include in-house expert and/or technical personnel of Winter or Winter's Attorney; and

g. "Witness" shall mean any individual who may testify in court proceedings or depositions in the Matter.

2. Confidential Documents shall not be Disclosed by Winter or Winter's Attorney or Smith or Smith's Attorney or anyone else for whom they are responsible for any purpose unrelated to preparing for trial and/or for trial in the Matter and any appeal in the Matter for any business or competitive purpose. Disclosure other than as provided for herein shall first require written consent of the City, or order of the Court. Winter, Winter's Attorney, Smith, and Smith's Attorney shall maintain a list of all Persons to whom Confidential Documents are Disclosed, and shall instruct every Person to whom Confidential Documents are Disclosed that such Confidential Documents are not to be Disclosed to any other Person. Confidential Documents may be produced to Winter's Attorney and Smith's Attorney, who shall not allow Winter, Smith, Consultants, or

Witnesses to make copies of Confidential Documents. Winter, Smith, Consultants, and Witnesses may only view the Confidential Documents in the presence of Winter's Attorney or Smith's Attorney.

3. Should Winter, Winter's Attorney, Smith, or Smith's Attorney wish to challenge a "CONFIDENTIAL" designation by the City, he or she shall first contact the City in good faith to resolve the issue. If the issue cannot be resolved, Winter, Winter's Attorney, Smith, or Smith's Attorney may petition the Court for an order as to whether the "CONFIDENTIAL" designation is proper. Winter, Winter's Attorney, Smith, and Smith's Attorney shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto.

4. If Winter, Winter's Attorney, Smith, or Smith's Attorney learns that Confidential Documents have come into the possession of any Person other than in the manner authorized by the Protective Order, Winter, Winter's Attorney, Smith, or Smith's Attorney shall take all reasonable measures to prevent further disclosure by such Person and shall immediately provide written notice to the City.

5. If the event a Confidential Document is used by Winter, Winter's Attorney, Smith, or Smith's Attorney at the deposition of any Consultant or Witness, the court reporter shall agree in writing or on the record of such deposition that no copies of the deposition or the deposition exhibit previously identified as a Confidential Document herein shall be made for, delivered, or made available to any Person except the City, Smith, Smith's Attorney, Winter, Winter's Attorney, and the Consultant or Witness. In the event the court reporter refuses such request, the deposition shall not proceed.

6. If the City produces a document to Winter, Winter's Attorney, Smith, or Smith's Attorney in response to a Fed. R. Civ. P. 45 subpoena in the Matter and does not designate that document as "CONFIDENTIAL," and later determines that such document should have been designated as "CONFIDENTIAL," the City shall notify Winter or Winter's Attorney and Smith or Smith's Attorney immediately upon making this determination, and, to the extent the document has not already been Disclosed to any

Person by Winter, Winter's Attorney, Smith, or Smith's Attorney, Winter, Winter's Attorney, Smith and Smith's Attorney shall deem such document to have been designated as "CONFIDENTIAL" at the time it was produced.

7. Confidential Documents may be used by Winter, Winter's Attorney, Smith, or Smith's Attorney to examine or cross-examine any Witness or Consultant at any hearing, deposition, or trial in the Matter. The City, Smith, and Smith's Attorney shall have the right to request the Court to exclude or sequester any individual who is in attendance at any hearing, deposition, or trial for purposes of maintaining the confidentiality of such Confidential Documents.

8. Confidential Documents may be referred to by Winter, Winter's Attorney, Smith, or Smith's Attorney in interrogatory answers, motions and briefs, and other pleadings, and may be used by Winter, Winter's Attorney, Smith, or Smith's Attorney in depositions and marked as deposition exhibits in the Matter in accordance with this Protective Order. However, if any Confidential Documents are to be included in any papers to be filed in Court in the Matter by Winter, Winter's Attorney, Smith, or Smith's Attorney, such information or material shall be labeled "CONFIDENTIAL," and shall be filed under restricted access until further order of the Court. The City, Smith, or Smith's Attorney may move the Court for an Order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.

9. Following the conclusion of the Matter, including any appeal, writ, or petition for review, the City may make written demand upon Winter, Winter's Attorney, Smith, or Smith's Attorney for the return of Confidential Documents produced by it in response to a Fed. R. Civ. P. 45 subpoena in the Matter. Upon demand for return, Winter, Winter's Attorney, Smith, or Smith's Attorney shall return the original and any copies of the Confidential Documents which are in his or her custody or control.

10. If Winter, Winter's Attorney, Smith, or Smith's Attorney is served with a subpoena commanding the production of Confidential Documents, Winter, Winter's Attorney, Smith, or Smith's Attorney shall promptly give telephonic notice and written notice by overnight delivery and/or email to the City and to the Court, enclosing a copy

of the subpoena. In no event shall Winter, Winter's Attorney, Smith, or Smith's Attorney produce Confidential Documents in response to the subpoena before the later of (a) ten (10) days following the date of service of the subpoena, or (b) the return date of the subpoena, unless otherwise required by applicable law or court order.

11. The City, Smith, and Winter may, by stipulation, provide for exceptions to this Order and the City, Smith, or Winter may seek an order of this Court modifying this Protective Order.

Dated this 7th Day of January, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge